MIGLIAVACCA WINE CO. v. UNITED STATES.

(Circuit Court, W. D. Washington, N. D. July 24, 1905.)

No. 1,265 (1,710).

1. CUSTOMS DUTIES—RECIPROCITY AGREEMENTS—RIGHT TO REDUCED DUTY.

In order to be entitled to the benefits of the reciprocal commercial agreements negotiated with foreign countries, under Tariff Act July 24, 1897, c. 11, § 3, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690], importers must furnish satisfactory evidence that their importations were both produced in and exported from the country with which the agreement was made.

2. SAME—EVIDENCE OF ORIGIN OF GOODS—ESSENTIALS.

With respect to merchandise alleged to be within the reciprocal commercial agreement with France (30 Stat. 1774), as having been both produced in and exported from that country, *held*, that evidence of those facts should be furnished by a witness who knows them, or from his position may be presumed to know them, and that a deposition by an importer to the effect that he had ordered the goods through a New York agency and that they were consigned to him direct by the exporting establishment in France, but which did not show that he had any further personal knowledge, was incompetent.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of Port Townsend with reference to merchandise claimed by the importers to be subjected to the reduced duty provided in the reciprocal commercial agreement with France (30 Stat. 1774), negotiated under Tariff Act July 24, 1897, c. 11, § 3, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690].

Vince L. Faben and John L. Stout, for importers.

Jesse A. Frye, U. S. Atty.

HANFORD, District Judge. It appears from the report of the Board of General Appraisers that in the administration of the customs laws evidence is required to support a claim for the admission of foreign merchandise at a reduced rate under the various reciprocity treaties between our government and foreign countries, and that the claim of the importer in the case now under consideration was disallowed by the collector and by the Board of Appraisers, because not supported by evidence. Since the decision of the Board of General Appraisers was rendered, a deposition of the importer has been taken at Seattle for the purpose of proving that the goods in question were imported by him direct from manufacturers in France; and his testimony is to the effect that he sent an order for the goods through an agency in New York, and that the goods were consigned to him direct, and billed to him as purchaser and consignee. It is reasonable, and, indeed, necessary, to require importers claiming benefits under the reciprocity treaties to furnish satisfactory evidence to prove that the conditions exist which the law makes essential. Therefore the ruling of the Board of General Appraisers, in the absence of the required evidence, was correct.

I hold, also, that the deposition of the importer submitted to this court is insufficient to justify a reversal, because it is necessary to prove that the merchandise was produced in France, in addition to the fact of a direct importation from France. The reciprocity treaties do not entitle importers in this country to the benefit of reduced tariff rates on importations from France other than the productions of that country; and this material fact should be proved by the testimony of a witness who knows the facts, or who from his position may be presumed to possess the required information. The deponent in this case has his domicile and place of business in Seattle, and it does not appear that he has any personal knowledge, other than the fact that he ordered the goods from the foreign establishment and that they were sent to him in pursuance of his order from the place in France in which said establishment is located.

I consider the evidence incompetent, and therefore affirm the decision of the Board of General Appraisers.